# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. Lightner v. DaVita, Inc.

ANDUIN LIGHTNER, individually and on behalf of all others similarly situated.

    Plaintiff,

v.

DaVita, INC.

    Defendant.

FLSA COLLECTIVE ACTION

JURY TRIAL DEMANDED

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

### I.   INTRODUCTION AND NATURE OF ACTION

1. Plaintiff Anduin Lightner ("Lightner" or "Plaintiff") brings this suit as a collective action under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), on her individual behalf and on behalf of the members of the proposed FLSA collective action defined below. Plaintiff and class members worked as hourly paid nurses and technicians at DaVita, Inc. ("DaVita" or "Defendant"), a nationwide healthcare provider who is headquartered in Denver, Colorado. Plaintiff and class members did not receive bona fide meal break periods. Instead, they were required and permitted to work through meal breaks or meal breaks that were subject to interruption for Defendant and were not paid for such time. Furthermore, Plaintiff and class members were not paid for short compensable rest breaks that took place while they were clocked out.

2. An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of showing that the employee received a bona fide meal period. However, Defendant required nurses and technicians at DaVita to remain responsible for patient care throughout their shifts, including during meal periods. Nurses and technicians frequently went without meals, and even when they did attempt to eat, their meal periods were regularly interrupted by work demands. In short, Defendant used the nurses' and technicians' meal periods for the predominant benefit of DaVita. Notwithstanding Defendant's practice of requiring nurses and technicians to be available for work and to in fact work throughout their meal periods, Defendant deducted thirty (30) minutes from the total time worked by nurses and technicians each shift so as to account for these hypothetical meal periods, thereby enabling Defendant to receive the benefit of an additional thirty minutes of unpaid work for each shift worked by class members.

3. Defendant's practice of failing to relieve nurses and technicians of their duties during meal periods, while simultaneously deducting thirty minutes from the total time paid per shift (on the pretext of accounting for meal periods which nurses and technicians were not in fact free to take without constant interruption), had the effect of depriving nurses and technicians of overtime compensation due to them under the FLSA in the weeks in which they worked more than forty (40) hours in a week. On information and belief, all of DaVita's non-exempt, hourly paid direct patient care nurses and technicians were subjected to this illegal pay practice.

4. Furthermore, on numerous instances Plaintiff and Collective Action members were required to clock out for a rest break period of less than 20 minutes in duration, which time period went uncompensated. This had the effect of depriving nurses and technicians of overtime compensation due to them under the FLSA in the weeks in

which they worked more than forty (40) hours in a workweek in violation of the FLSA. On information and belief, all of DaVita's non-exempt, hourly paid direct patient care nurses and technicians were subjected to this illegal pay practice.

5.      Plaintiff brings this suit under the collective action provisions of the FLSA because she and the putative collective action members are similarly situated under the FLSA in the following particulars: (a) they are or were hourly-paid direct patient care nurses and technicians subject to Defendant's company-wide policy of pay deductions for meal periods; (b) they are and were required and permitted to be available to perform uncompensated work during those meal periods, and in fact did perform uncompensated work during those periods; (c) the meal periods are and were predominantly for the benefit of Defendant; (d) Plaintiff and class members were not paid for rest periods less than 20 minutes in duration, and (e) Plaintiff and class members suffered overtime wage losses as a result of Defendant's failure to pay wages at the federally required overtime rate for these thirty minutes meal periods and rest breaks in the weeks in which the nurses and technicians worked more than forty hours in a week.

6.      Accordingly, Plaintiff is similarly situated to the following classes of employees:

**FLSA Collective Action:**

**(a) FLSA Meal Break Class:**

**All current and former hourly paid nurses and technicians employed at all DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana, New York, Oklahoma, Tennessee, Texas, and Virginia, to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of deducting 30 minutes from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses and technicians worked more than forty (40) hours per week.**

**(b) FLSA Rest Break Class:**

**All current and former hourly paid nurses and technicians employed at all DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana, New York, Oklahoma, Tennessee, Texas, and Virginia, to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of not paying for rest breaks 20 minutes or shorter in duration, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses and technicians worked more than forty (40) hours per week.**

## II.     JURISDICTION AND VENUE

7.      This Court has jurisdiction over the FLSA claims under 29 U S.C. § 216 et seq. and 28 U.S.C. § 1331.

8.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) & (c)(2) because Defendant operates its headquarters in the District of Colorado, and because the events giving rise to these claims occurred in this judicial district.

## III.     PARTIES

**A.     Plaintiff Anduin Lightner and Collective Action Members**

9.      Plaintiff Anduin Lightner is an individual residing in Pierce County, in the state of Washington. Plaintiff has standing to file this lawsuit.

10.     Plaintiff worked for Defendant beginning from the year 2017 through the year 2022. Plaintiff was an employee of Defendant and paid on an hourly-rate basis. Plaintiff's written consent to become a party plaintiff to this action is attached as Exhibit 1.

11.     Collective Action Members are all of Defendant's current and former hourly-paid, direct patient care nurses and technicians who work or worked at all DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana, New York, Oklahoma, Tennessee, Texas, and Virginia, three years prior to the filing of Plaintiff's Original

Complaint to the present, and who are due unpaid overtime wages for (1) compensable work performed during unpaid "meal breaks" as a result of Defendant deducting thirty minutes of time from each shift worked by class members, and (2) compensable rest breaks of less than 20 minutes in duration.

**B.     Defendant DaVita, Inc.**

12.    Defendant Davita, Inc. is a foreign corporation organized under the laws of the state of Delaware.

13.    Defendant can be served through its registered agent: Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

## IV.    FLSA COVERAGE

14.    At all material times, Defendant has been an employer within the meaning of Section 203(d) of the FLSA because it is a medical facility that employed personnel such as Plaintiff and Collective Action Members to operate DaVita. Plaintiff and Collective Action Members worked exclusively for and under the sole direction and control of Defendant and for Defendant's financial gain. Plaintiff and Collective Action Members are nurses and technicians whose services are integral to the medical care business which Defendant operates. Plaintiff and Collective Action Members are economically dependent on Defendant's business: Defendant cannot operate DaVita without nurses and technicians; and without a medical facility like DaVita, Plaintiff and Collective Action Members do not have access to medical equipment, facilities, and patients to earn a living as nurses and technicians. Furthermore, Plaintiff and Collective Action Members are classified as W-2 employees of Defendant.

5

15. At all material times, Defendant has been a "single enterprise" within the meaning of Section 203(r) of the FLSA because it acted through unified operation and common control to further its common purpose of operating DaVita.

16. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(A) of the FLSA ("Traditional Enterprise Coverage") because:

    i) Defendant had and continues to have employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. By way of example and not by limitation, as a part of their work, Plaintiff and/or Defendant's employees (1) used computers and telecommunications equipment that were manufactured and shipped across state lines; (2) used medical supplies and equipment, including but not limited to, latex gloves, masks, medications, thermometers, stethoscopes, wheelchairs, ambulatory devices, incontinency and personal care products, gowns, linens, and cleaning products; and (3) utilized third-party medical services for various diagnostics testing and reports/recommendations and lab work test (*e.g.*, dialysis, blood work, basic metabolic panel, complete metabolic panel, urinalysis, C-Doff, etc.).

    ii) Upon information and belief, Defendant had an annual gross business volume in excess of $500,000 per year.

17. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(B) of the FLSA ("Named Enterprise Coverage") because:

    i) Defendant is engaged in the operation of an institution primarily engaged in the care of the sick and the aged. Specifically, DaVita is one of the largest providers of kidney care and dialysis services in the United States and has been in that business for more than 20 years. Because Defendant operates an institution primarily engaged in the care of the sick and elderly it is per se an "enterprise in commerce" pursuant to Section 203(s)(1)(B).

18. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207(a)(2)(C) ("Individual Coverage") because Plaintiff had direct and substantial involvement with interstate commerce in ways which were regular, recurring, and a substantial part of their work.

### V.    FACTUAL BACKGROUND

19. DaVita is one of the largest providers of kidney care services in the United States and has been in the dialysis business for more than 20 years. It employs specialized nursing and technician care to ensure the health and well-being of each of its patients. To provide continuous medical services to its patients, DaVita employs thousands of nurses, technicians, and other employees throughout the United States. Based on information and belief, DaVita has employed thousands of nurses and technicians during the applicable FLSA three-year period.

20. Plaintiff was a technician who worked for DaVita from approximately 2017 to 2022. She was paid hourly during her employment with Defendant.

21. Plaintiff and Collective Action members are regularly scheduled to work numerous six-hour shifts per week at DaVita. However, Plaintiff and the class members have the option to pick up additional shifts, and frequently do so. In Plaintiff's case, she was regularly scheduled to work over 40 hours a week, and in some instances, worked close to 50 hours per week. Accordingly, Plaintiff and class members regularly worked more than 40 hours per week at DaVita.

22. Plaintiff alleges that as a result of a common policy and/or practice equally applicable to her and to every member of the FLSA Collective Action, Defendant failed to pay them at the time-and-one-half overtime rate required by federal law for work performed in those weeks in which they worked more than forty (40) hours in a week. Specifically, Plaintiff and the class members were not compensated at any rate whatsoever for thirty minutes of each of their six-hour shifts worked when Plaintiff and the Collective Action members had meal breaks that were routinely interrupted or subject to interruption to perform job duties. Moreover, on numerous instances Plaintiff and Collective Action members were required to clock out for a rest break period of less than 20 minutes in duration without compensation. Regardless of whether this short break was intended to serve as a meal break, but was cut short due to an interruption, such short breaks are compensable time under the FLSA. Furthermore, Defendant's failure to provide compensation for such short breaks was a violation of the FLSA in weeks where Plaintiff and Collective Action members worked more than forty (40) hours in a workweek, as Plaintiff and Collective Action members did not receive all overtime pay due to them.

<u>Uncompensated Work During Meal Breaks.</u>

23. DaVita generated its payroll documentation for Plaintiff and class members by using PeopleNet time management software.[1] The hours to be paid were tracked by PeopleNet. Plaintiff and the Collective Action members clocked in/out for their required 30-minute meal breaks from each six-hour shift worked, or were clocked out by a manager, as a matter of Defendant's policy and/or practice. Each pay period, the amount of time tracked by the software, after deduction of thirty minutes per six-hour shift, was uploaded for processing into the payroll processing software.

24. All of DaVita's hourly-paid direct patient care nurses and technicians are and were subject to Defendant's policy of deducting thirty minutes per shift from the recorded time worked.

25. Plaintiff anticipates that Defendant will argue that the thirty-minute deductions from each shift worked were warranted so as to account for uninterrupted thirty-minute lunch breaks during which no work was performed and for which no compensation is owed. In fact, however, Plaintiff and her nurse and technician colleagues routinely worked through their lunch breaks, and even when they did manage to spend a few minutes eating, that time was regularly interrupted by other nurses and technicians on duty, nurse managers, patients' families, and other DaVita staff.

26. Defendant is and was familiar with the demands of the health care industry in general and of providing medical services at DaVita specifically, and that Defendant deliberately chose to keep its labor costs down by staffing an insufficient number of personnel per shift. Rather than hiring and staffing a sufficient number of nurses and

---

[1] Defendant has transitioned to KRONOS.

technicians per shift to allow the nurses and technicians to take full, uninterrupted meal breaks, Defendant required and permitted these overworked nurses and technicians to work during their meal breaks for the benefit of Defendant. Defendant knew and expected that Plaintiff and class members would work through their unpaid "meal breaks," and this was in fact a daily occurrence at DaVita. Defendant's supervisors and management routinely interrupted the meal breaks of Plaintiff and Collective Action members and made work demands upon them. Defendant's supervisors and management were actively involved in scheduling the shifts worked by Plaintiff and the Collective Action members, and they had actual knowledge that their staffing and work policies were causing Plaintiff and class members to work through meal breaks to the predominant benefit of Defendant.

27. Plaintiff and Collective Action members were expected to complete orders on assigned patients, to answer calls, to respond to medical emergencies, to advise other staff on patient care and status issues, to answer questions from DaVita staff or family members, and in general to respond immediately to work demands during "meal breaks."

28. Defendant knew and/or had reason to know that Plaintiff and Collective Action members performed work during their unpaid "meal breaks". Indeed, Defendant required Plaintiff and Collective Action members to remain available to respond to work demands at any time during the shift, including during meal breaks. Moreover, Plaintiff and Collective Action members performed work for Defendant during the unpaid meal breaks in plain sight of Defendant's management, quite often at Defendant's management's specific request.

29. Despite Defendant's actual knowledge that Plaintiff and Collective Action members worked during supposed "meal breaks," Defendant willfully failed to compensate Plaintiff and Collective Action members for such work, electing instead to

accept the benefits of Plaintiff and the Collective Action members' work without compensating them for such work.

30. Given that Defendant's supervisors and managers knew from direct observation and from their general knowledge of DaVita's operations that Plaintiff and Collective Action members (a) regularly worked through the deducted meal break time without compensation; and (b) regularly accumulated overtime hours even after deduction of the uncompensated thirty minute per shift, Defendant had both actual and constructive knowledge that Plaintiff and Collective Action members were not being compensated for meal periods worked at any rate whatsoever, much less at the agreed hourly rate or at the federally mandated time-and-one-half rate required for overtime.

Uncompensated Rest Breaks.

31. "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked." 29 CFR 785.18.

32. In other words, when employers do offer short breaks (usually lasting about 5 to 20 minutes), federal law considers the breaks as compensable work hours that would be included in the sum of hours worked during the workweek and considered in determining if overtime was worked.

33. On numerous instances Plaintiff and Collective Action members were denied compensation for rest break periods of less than 20 minutes in duration. This had the effect of depriving nurses and technicians of overtime compensation due to them under the FLSA in the weeks in which they worked more than forty (40) hours in a week.

34. It is immaterial with respect to compensability of such breaks whether the employee drinks coffee, smokes, goes to the rest room, etc. *See*

https://www.dol.gov/agencies/whd/fact-ssheets/53-shealthcare-hours-worked.

Accordingly, regardless of whether a short break was intended to serve as a meal break, but was cut short due to an interruption, the rest periods of fewer than twenty minutes taken by Plaintiff and Collective Action members were compensable.

<u>Calculation of damages.</u>

35.     Evidence reflecting the number of uncompensated meal break and rest break hours worked by each Collective Action member, as well as their applicable regular and overtime rate, is in the possession of Defendant. Actual damages can be calculated easily once Defendant has produced complete payroll records for the class. First, the absence of a bona fide meal break makes all unpaid meal break time compensable, and all that remains is to establish the number of shifts worked by Collective Action members in the weeks in which they worked more than 40 hours. Each shift worked will entitle class members to half an hour of pay at their time-and-one-half rate, depending upon whether the week in question is one in which forty or more hours were worked. Second, based on information and belief, Defendant's pay and time records will show many instances when Plaintiff and Collective Action Members were required to clock out for uncompensated rest break of less than 20 minutes in duration. Regardless of the purpose of these rest breaks, *e.g.*, whether or not they were meal breaks that were cut short due to interruption, this was compensable time that led to under compensation of overtime wages in workweeks in which Plaintiff and Collective Action Members worked over forty (40) hours. The information needed to calculate damages—specifically the dates of the shifts worked, the total number of hours worked per week, and the base hourly rate of pay for each worker—exists in Defendant's timekeeping and payroll databases. The damage calculation itself will be a straightforward accounting process.

## VI.  COLLECTIVE ACTION CLAIM
## VIOLATION OF 29 U.S.C. § 207 - OVERTIME

36.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of the members of the putative class.

38.     The action is filed on behalf of all of Defendant's hourly-paid direct patient care nurses and technicians who worked at all DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana, New York, Oklahoma, Tennessee, Texas, and Virginia, during the three years preceding the filing of this action through entry of judgment in this case, whose overtime pay was docked pursuant to (a) a meal break deduction policy notwithstanding the fact that the nurses and technicians performed compensable work during the supposed meal break periods (the "FLSA Meal Break Class"), and (b) uncompensated rest breaks ("the FLSA Rest Break Class").

39.     The FLSA Classes are so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown to Plaintiff, and although the data which would identify the size of the FLSA Classes is within the sole control of Defendant, upon information and belief there are thousands of nurses and technicians encompassed by the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

40.     Plaintiff will fairly and adequately protect the interests of the FLSA Class members and has retained counsel experienced and competent in the field of wage and hour law and class/collective action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the FLSA Class.

13

41. A collective action is superior to individual adjudication of the claims at issue in this controversy since the claims are substantially similar and since joinder of all members is impracticable. Furthermore, because the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class to seek redress individually for the wrongs done to them. Management of the suit as a collective action will serve judicial economy.

42. Questions of law and fact common to the FLSA Class members predominate over questions that may affect only individuals because Defendant has acted on grounds generally applicable to all FLSA Class members. Among the common questions of law and fact common to Plaintiff and other collective action class members are:

    a. whether Plaintiffs and the FLSA Class members were expected to and/or required to work during unpaid meal breaks, and in fact did so;

    b. whether Defendant's control of the conditions of the "meal break" was for the predominant benefit of DaVita and whether it made such time compensable as a matter of law;

    c. whether Defendant failed to compensate Plaintiff and FLSA Class Members for rest breaks in duration of approximately 5 to 20 minutes;

    d. whether Defendant failed to pay Plaintiff and the FLSA Class members overtime compensation for some of their hours worked in excess of forty hours per workweek in violation of the FLSA, as a result of Defendant's deduction of, and failure to pay for, half an hour meal break periods in each shift worked in weeks in which overtime hours were otherwise worked;

    e. whether Defendant failed to pay Plaintiff and the FLSA Class members overtime compensation for some of their hours worked in excess of forty hours per workweek in violation of the FLSA, as a

    result of Defendant's failure to pay for rest breaks in each shift worked in weeks in which overtime hours were otherwise worked;

  f  whether Defendant's violations of the FLSA were willful as that term is understood in the context of the FLSA; and

  g.  whether Defendant is liable for damages claimed thereunder, including but not limited to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

43. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44. The FLSA 216(b) collective action class may be defined as:

**(a) FLSA Meal Break Class:**

**All current and former hourly paid nurses and technicians employed at all DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana, New York, Oklahoma, Tennessee, Texas, and Virginia, to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of deducting 30 minutes from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses and technicians worked more than forty (40) hours per week.**

**(b) FLSA Rest Break Class:**

**All current and former hourly paid nurses and technicians employed at all DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana, New York, Oklahoma, Tennessee, Texas, and Virginia, to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of not paying for rest breaks 20 minutes or shorter in duration, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses and technicians worked more than forty (40) hours per week**

## VII.  DAMAGES

### A.  FLSA Collective Action Damages.

45. Plaintiff and Collective Action Members are entitled to recover their unpaid overtime compensation.

46. Plaintiff and Collective Action Members are also entitled to an amount equal to all of their unpaid overtime compensation as liquidated damages. 29 U.S.C. § 207 and 216(b).

47. Plaintiff and Collective Action Members are also entitled to recover their attorney's fees and costs as provided for by the FLSA. 29 U.S.C. § 216(b).

## VIII.  PRAYER

### A.  FLSA COLLECTIVE ACTION RELIEF — OVERTIME

For the foregoing reasons, Plaintiff respectfully request judgment to be entered against Defendant awarding Plaintiff and the FLSA Collective Action Members:

1. overtime compensation for all unpaid overtime hours worked in excess of forty (40) in a week at the rate of one and one-half times their regular rates of pay;

2. an amount equal to the sum of the unpaid overtime compensation, as liquidated damages allowed under the FLSA;

3. reasonable attorney's fees, costs and expenses of this action as provided for by the FLSA;

4. post judgment interest at the highest rates allowed by law on all damages; and

5. such other and further relief, at law or in equity, to which Plaintiff and the FLSA Collective Action Members may be entitled.

November 21, 2023.

                                       Respectfully submitted,

                              By: */s/ Ricardo J. Prieto*
                                    Ricardo J. Prieto
                                    Texas State Bar No. 24062947
                                    rprieto@wageandhourfirm.com
                                    Melinda Arbuckle
                                    Texas State Bar No. 24080773
                                    marbuckle@wageandhourfirm.com
                                    WAGE AND HOUR FIRM
                                    5050 Quorum Drive, Suite 700
                                    Dallas, Texas 75254
                                    (214) 489-7653 – Telephone
                                    (469) 319-0317 – Facsimile

                                    ATTORNEYS FOR PLAINTIFF &
                                    PUTATIVE FLSA COLLECTIVE ACTION