# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-03104-NYW-KAS

ANDUIN LIGHTNER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DAVITA, INC.,

    Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AS MODIFIED

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella issued on January 20, 2026.[1] [Doc. 134]. Judge Starnella recommends that Defendant DaVita, Inc.'s Motion to Strike All Consent-to-Join Forms (the "Motion to Strike"), [Doc. 104], be denied, *see* [Doc. 134 at 1].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id*. at 22]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on January 20, 2026. *See* [Doc. 134]. No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

---

[1] The Recommendation is dated January 18, 2026, but it was not entered on the Court's docket until January 20, 2026. *See* [Doc. 134].

does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Ordinarily, the Court's analysis would stop there. However, given the specific nature and circumstances of this case, this Court is compelled to proceed. As an initial matter, this Court is gravely troubled by the misstatements in Plaintiff's pre-certification communications to potential opt-in Plaintiffs, and in particular, the misrepresentation of this Court's rulings in *Bowling v. DaVita, Inc.*, Case No. 21-cv-03033-NYW-KAS (D. Colo.). *See* [Doc. 134 at 6 (citing [Doc. 104-4 at 7])]. Plaintiff does not object to Judge Starnella's observation—nor could she—that at least one of the email solicitations to potential opt-in Plaintiffs states that "[a] federal judge in July 2023 found enough evidence against DaVita to move forward with meal break violation claims on a collective action basis for 9 states where the nurses/technicians worked in that case." [*Id.*]. Judge Starnella generously characterized this statement as misleading, rather than patently false. [*Id.* at 7]. But this statement is, in fact, patently false. As Judge Starnella points out, in resolving the motion for conditional certification in *Bowling*, this Court explicitly stated that "the Court does not weigh evidence, resolve factual disputes, or reach the

---

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

2

merits of the pending claims at the conditional-certification stage." *Bowling v. DaVita, Inc.*, No. 21-cv-03033-NYW-KAS, 2023 WL 4364140, at *3 (D. Colo. Jul. 6, 2023). The Court went on expressly state: "[i]n sum, the Court's analysis *is limited* to whether Mr. Bowling has met his burden at the initial stage—that is, *whether he has made substantial allegations* that the Proposed Collective members were subject to a single decision, policy, or plan." *Id.* at *5 (emphasis added). Given the education and credentials that Plaintiff's counsel tout on their respective websites,[3] and the fact that *Bowling* and this case share counsel of record, including but not limited to Mr. Prieto, this Court struggles to understand how such a misstatement is due to an inadvertent error.

Indeed, Plaintiff's Response to the Motion to Strike does not mitigate the Court's concerns but rather further aggravates them. Plaintiff's counsel wholly fails to address Defendant's argument that the reference to this specific alleged Court ruling is misleading. *Compare* [Doc. 104 at 12–13], *with* [Doc. 113 at 15–16]. Instead, Plaintiff's counsel misled the Court regarding the Texas State Bar's approval of his team's solicitation communications. *See* [Doc. 134 at 19–21]. The Texas State Bar certainly did not pass on whether Plaintiff's characterization of this Court's ruling was permissible. *See* [Doc. 89-1 at 2]. And to the extent that Plaintiff suggests that Defendant's Motion to Strike is a "litigation tactic," [Doc. 113 at 9–10], this Court notes that nothing in the record suggests that Plaintiff's counsel took any independent curative action prior to filing Plaintiff's Motion for Conditional Certification, *see* [Doc. 72]. Rather, Plaintiff's counsel simply proceeded as if Defendant's refusal to agree to their specific, proposed curative measure somehow

---

[3] *See About Us*, Wage and Hour Firm, https://wageandhourfirm.com/about-us/; *see also Background & Experience*, Kennedy Law Firm, LLP, https://kennedyattorney.com/about-us/.

absolved any misconduct on their part.

For at least these reasons, this Court respectfully departs from Judge Starnella's Recommendation regarding the appropriate timing of a curative notice.  Judge Starnella recommends that a curative notice be sent to opt-in Plaintiffs if the Court grants the pending Motion for Conditional Certification and the Court issues a regular opt-in notice. *See* [Doc. 134 at 21–22].  But here, as implicitly acknowledged by Plaintiff, *see* [Doc. 113 at 10], a curative notice and corrected consent forms are appropriately directed at, and executed by, *existing* opt-in Plaintiffs *before* the Court rules on the pending Motion for Conditional Certification.  To proceed with ruling on the Motion for Conditional Certification on the current record would amount to this Court simply ignoring the conduct described in Judge Starnella's Recommendation and herein.  That simply cannot be.

Accordingly, the Court concludes that, before the pending Motion for Conditional Certification may be ruled on, Plaintiff must send curative notices to all individuals who have opted-in to this case.[4]  The Parties are **ORDERED** to meet and confer about (1) the substance of an appropriate curative notice and corrected consent form; (2) how the curative notice shall be provided to existing opt-in Plaintiffs; and (3) a reasonable timeframe for providing the curative notice to opt-in Plaintiffs and any deadline for the opt-in Plaintiffs to submit their corrected consent forms.  On or before **March 4, 2026**, the Parties shall file a Joint Status Report setting forth their proposals.  **The Parties are ORDERED to engage in good-faith efforts to come to a consensus on as many issues as practicable.**

---

[4] This ruling does not apply to any opt-in Plaintiffs who have withdrawn their consent forms or have otherwise been dismissed from this case.

4

Furthermore, in the interest of judicial economy, the Court elects to administratively close this case pending the resolution of the issues identified above—namely, the Court's approval of the Parties' proposal(s), the provision of curative notices to opt-in Plaintiffs, and the submission of corrected consent forms.[5]  The Court will lift the administrative closure once the corrected consent forms have been submitted, and it will rule on the Motion for Conditional Certification at that time, based on the evidence that is properly before the Court.  **The Parties are specifically advised that no further briefing or evidence beyond the corrected consent forms is anticipated or permitted.**

Accordingly, it is **ORDERED** that:

(1)   The Recommendation of United States Magistrate Judge Kathryn A. Starnella [Doc. 134] is **ADOPTED as modified**;

(2)   Defendant DaVita, Inc.'s Motion to Strike All Consent-to-Join Forms [Doc. 104] is respectfully **DENIED**;

(3)   The Parties shall meet and confer about (1) the substance of an appropriate curative notice and corrected consent form; (2) how the curative notice shall be provided to existing opt-in Plaintiffs; and (3) a reasonable timeframe for providing the curative notice to opt-in Plaintiffs and any deadline for the opt-in Plaintiffs to submit their corrected consent forms;

(4)   The Parties **SHALL** engage in good-faith efforts to come to a consensus on as many of the above-listed issues as practicable.  On or before **March 4,**

---

[5] Administrative closure is "the practical equivalent of a stay."  *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987).  This procedure permits the Court to manage its docket by "shelv[ing] pending, but dormant, cases" without "making any final adjudication." *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999).

**2026**, the Parties **SHALL** file a Joint Status Report setting forth their proposals;

(5) DaVita Inc.'s Motion to Stay Decision of Plaintiff's Opposed Motion for FLSA Conditional Certification and Court-Authorized Notice [Doc. 83] is **GRANTED**; and

(6) This case is **ADMINISTRATIVELY CLOSED** pending the Court's approval of the Parties' proposal(s), the provision of curative notices to opt-in Plaintiffs, and the submission of any corrected consent forms.

DATED: February 11, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge